IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL MATTHEWS**<br>*Plaintiff,*<br>v.<br>**DART CONTAINER CORPORATION OF CALIFORNIA AND DELTRY HILL**<br>*Defendants.* | **CIVIL ACTION NO.:** 1:20-cv-156-LG-RHW<br><br>**SECTION:**<br><br>**MAG:** |

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

**NOW INTO COURT**, through undersigned counsel, comes **MICHAEL MATTHEWS**, who petitions this Court for a Judgment against **DART CONTAINER CORPORATION OF CALIFORNIA** ("Dart Container Corporation") and **DELTRY HILL** ("Hill") (sometimes collectively "Defendants") and, in support thereof respectfully avers as follows:

**THE PARTIES**

1.

Plaintiff, **MICHAEL MATTHEWS**, is a person of the full age of majority and is a resident and citizen of the State of Louisiana.

2.

Defendant, **DART CONTAINER CORPORATION OF CALIFORNIA**, is a foreign corporation authorized and doing business within the State of Mississippi, which may be served through its agent for service of process, United Agent Group, Inc., 232 Market Street, Suite 1600, in Flowood, Mississippi 39232..

3.

Defendant, **DELTRY HILL**, is a person of the full age of majority and is a resident and domiciliary of Meridian, Mississippi, who may be served at 4747 C A Pickard Road, in Meridian, Mississippi 39301.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs,

1

and is between citizens of different states. Likewise, this Court has supplemental jurisdiction over this matter by virtue of 28 U.S.C. §1367.

5.

This Court has personal jurisdiction over the Defendants because their negligent conduct took place in the State of Mississippi and they are either a Mississippi Domiciliary or have established sufficient ties and contacts with the forum state.

6.

The diversity of the parties is established as follows:

a. Defendant, **DART CONTAINER CORPORATION**, is a foreign corporation, incorporated under the laws of the State of Michigan and with its principal place of business in the State of Michigan.

b. Defendant, **DELTRY HILL**, is a major domiciled in the State of Mississippi.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8.

On or about May 1, 2018, in the County of Pearl River, State of Mississippi, Plaintiff was operating a 2010 Volvo tractor and trailer headed southbound in the outer right lane on Interstate 59.

9.

At the same time, Defendant, Hill, was operating a 2013 Freightliner tractor and trailer, owned by Defendant Dart Container Corporation, also headed southbound in the outer right lane on Interstate 59, in the County of Pearl River, State of Mississippi. Suddenly and without warning defendant, Hill, failed to yield and rear-ended plaintiff's vehicle, thus causing damages and injuries to Plaintiff.

10.

At all times material hereto, Defendant Hill was an employee and/or agent of Defendant Dart Container Corporation, in the course and scope of said employment and/or agency for Defendant Dart Container Corporation and Defendant Dart Container Corporation is vicariously liable for his actions.

11.

The accident resulted through the fault, inattention, and negligence of the Defendant Hill, whose negligence consists of, but is not limited to the following:

a. Failing to properly use the brakes on the vehicle;

b. Failing to keep a proper lookout;

c. Failing to keep the vehicle under proper control;

d. Operating the vehicle in a careless, reckless and imprudent manner;

e. Failing to see what should have been seen or to heed what was seen;

f. Failing to exercise due care and caution for the safety of others;

g. Failing to exercise reasonable vigilance;

h. Failing to obey the rules of the road;

i. Failing to slow the vehicle or come to a stop when an accident was happening;

j. Failing to do anything to avoid the accident;

k. Failing to maintain the vehicle in proper working condition; and,

l. Any and all other acts of negligence which may be shown or proven at the time of the trial in this matter.

12.

Plaintiff's injuries and damages were directly and proximately caused by Defendant Dart Container Corporation's negligence in the following non-exclusive ways, in addition to others to be shown at the time of trial:

a. Negligently entrusting its vehicle to defendant, Hill;

b. Failing to maintain the vehicle in proper working condition;

c. Failure to properly instruct, train, supervisor, and/or monitor its drivers in the safe operation of the vehicle; and

d. Any and all other acts of negligence which may be shown or proven at the time of the trial in this matter.

13.

Defendants' acts or omissions, as detailed above, proximately caused personal injury to Plaintiff in the approximate amount of $750,000.00 or more, which includes but is not limited to the following:

a. Past, present, and future pain and suffering,

b. Past, present, and future mental anguish,

    c. Past, present, and future physical disfigurement,

    d. Past, present, and future physical impairment,

    e. Past, present, and future medical expenses,

    f. Past, present, and future loss of consortium,

    g. Past, present, and future lost wages,

    h. Past, present, and future loss of earning capacity,

    i. Other unliquidated damages within the jurisdictional limits of this Court,

    j. Exemplary damages, to the extent provided by law,

    k. Attorneys' fees, to the extent provided by law, and

    l. Pre-judgment interest and post-judgment interest.

14.

Defendants are indebted unto Plaintiff jointly, severally and in solido for such damages as are reasonable in the premises, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings

15.

Plaintiff prays for a trial by jury.

**WHEREFORE**, Plaintiff, Michael Matthews, prays that after due proceedings had, there be judgment herein in his favor and against Defendants, Dart Container Corporation Of California and Deltry Hill, jointly, severally and in solido, for such damages as are reasonable in the premises, in the amount of $750,000.00 or more, together with legal interest from date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully submitted,

**THE CHOPIN LAW FIRM LLC**

    */s/ Justin M. Chopin*
**JUSTIN M. CHOPIN (MS. Bar No. 104464)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:   504-229-6681
Facsimile:   504-681-9593
Email:   Justin@ChopinLawFirm.com

*Attorneys for Plaintiff, Michael Matthews*

**PLEASE ISSUE SUMMONS:**

DART CONTAINER CORPORATION OF CALIFORNIA,
*Through Agent for service*
United Agent Group, Inc.
232 Market Street, #1600
Flowood, Mississippi 39232

DELTRY HILL
4727 C A Pickard Road
Meridian, Mississippi 39301

4851-5013-1387, v. 1